IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30795
_____


NELSON BUNKER HUNT,

Plaintiff-Appellant

versus

OCCIDENTAL PETROLEUM CORPORATION
and PLACID OIL COMPANY,

Defendants-Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-2382)
_____

August 21, 1996

Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

DENNIS, Circuit Judge.[*]

Appellant, Nelson Bunker Hunt, filed suit under Section 7 of
the Clayton Act, 15 U.S.C. § 18, seeking to dissolve the
acquisition of Placid Oil Co. by Occidental Petroleum Corp. The
district court granted the defendants' motion for summary judgment

_____

[*] Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

and Hunt appeals.  Finding that Hunt lacks standing to sue under the antitrust laws, we affirm.

Hunt is the sole beneficiary of the Nelson Bunker Hunt Trust Estate, which owned approximately one-third of the stock of Placid Oil Co ("Placid").  In 1994, Occidental Petroleum Corp. ("Occidental") acquired Placid's stock in exchange for $250 million in Occidental stock.  Hunt brought suit against Occidental and Placid under Section 7 of the Clayton Act seeking injunctive relief to dissolve the acquisition on the ground that the effect of the merger may be substantially to lessen competition  in the exploration, development and sale of oil and gas in the states of Texas, Louisiana and Mississippi (the Gulf Coast area). Occidental and Placid filed a motion for summary judgment, challenging Hunt's standing to sue for antitrust violations and arguing that regardless of standing, Hunt had not demonstrated a violation of the Clayton Act as the combined market shares of Placid and Occidental were too small to increase concentration or threaten competition significantly.[1]  Hunt's answer to the motion supplied little, if any, relevant evidence in support of his position and

---

[1] The defendants attached several exhibits to their motion, including an affidavit by their expert economist, Marion B. Stewart, Ph.D.  Using Hunt's proposed geographical market for purposes of his opinion, Dr. Stewart opined that the merger had little effect on the unconcentrated oil and gas markets in part because the combined market shares of Occidental and Placid accounted for only 1.1 percent of natural gas production and 1.5 percent of oil production in 1994.

did not include any expert analysis of his claims.[2]

The district court granted summary judgment in favor of the defendants on the ground that Hunt lacks antitrust standing. Specifically, the court found that (1) Hunt's status as beneficiary of a trust that owned shares of Placid did not establish standing to sue for injuries to Placid; (2) Hunt's claimed status as a competitor did not establish standing as Hunt failed to show that he was a competitor and, moreover, he made no allegation, much less proved, any predatory pricing; and (3) Hunt did not have standing as a potential entrant to the relevant market as he did not refute defendants' contention that the post-merger Occidental controlled only 1.5% of the oil and gas reserves in the easily entered relevant market. Hunt appeals this judgment.

We review the decision to grant summary judgment *de novo*, applying the same criteria employed by the district court in the first instance. *Federal Deposit Ins. Corp. v. Dawson*, 4 F.3d 1303, 1306 (5th Cir.1993), *cert. denied,* ___ U.S. ___, 114 S.Ct. 2673,

---

[2]    Hunt's answer to the motion for summary judgment was supported solely by an affidavit by his attorney attaching as exhibits (1) portions of Occidental's 1994 annual report; (2) a descriptive memorandum of Placid prepared by Lehman Brothers; (3) portions of Lehman Brothers' "Review of Merger Process and Formal Offers" regarding the Placid purchase; (4) excepts from "the Pulitzer Prize winning book by Daniel Yergens 'The Prize: The Epic Quest for Oil, Money and Power'"; (5) portions of the depositions of James Holland, Jr., trustee of the Lamar Hunt Trust, and Alvin H. Lane, Jr.; (6) a summary order entered on April 13, 1995 in *Hilo v. Exxon*, No. CV 92-4408 (C.D.Ca.), denying summary judgment motions of British Petroleum and Mobil Oil Corp., offered by Hunt "to contradict defendants' unsubstantiated assertions that the oil and gas industry today is 'highly competitive.'"

129 L.Ed.2d 809 (1994). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is presented, the burden shifts to the non-moving party who bears the burden of proof at trial to show with "significant probative" evidence that there exists a triable issue of fact. *In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir.1982). We may affirm the summary judgment on grounds that differ from the ones on which the district court relied. *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1355 n. 3 (5th Cir. 1986).

The Clayton Act prohibits mergers the effect of which "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. § 18. "The core question is whether a merger may substantially lessen competition, and necessarily requires a prediction of the merger's impact on competition, present and future." *Federal Trade Commission v. Procter & Gamble Co.*, 386 U.S. 568, 577, 87 S. Ct. 1224, 1229, 18 L.Ed.2d 303 (1967). In order to seek injunctive relief under § 16 of the Act, a private plaintiff must allege "threatened loss or damage 'of the type the antitrust laws were designed to prevent

4

and that flows from that which makes defendants' acts unlawful.'" *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 115, 107 S.Ct. 484, 491, 93 L.Ed.2d 427 (1986); *Anago, Inc. v. Tecnol Medical Products, Inc.*, 976 F.2d 248, 249 (5th Cir. 1992), *cert. dismissed*, _ U.S. _, 114 S. Ct. 491, 126 L.Ed.2d 441 (1993). Thus, to have standing to sue under the antitrust laws, Hunt was required to show that *he* will suffer "antitrust injury" as a result of the merger. Loss or damage "due merely to increased competition does not constitute such an injury." *Cargill*, 479 U.S. at 122, 107 S. Ct. at 495. *See also Anago*, 976 F.2d at 249 (observing that this circuit "has narrowly interpreted the meaning of antitrust injury, excluding from it the threat of decreased competition."). Moreover, "[p]roof that a plaintiff will be adversely affected by the merger itself will not suffice in this Court, unless the injuries are related to the anticompetitive effects of the merger." *Id.* at 250.

Hunt claims that the merger has caused or will cause him to suffer antitrust injury in three capacities: as the beneficiary of a trust that was part owner of the acquired company, as an alleged competitor in the industry, and as a potential entrant into the oil and gas market. However, in all three situations, Hunt has failed to demonstrate the existence of material disputed facts precluding summary judgment because he has not shown that he has suffered or will suffer injury cognizable under the antitrust laws. First, in his capacity as beneficiary of a trust that was one-third owner of the target company, Hunt presumably seeks to assert rights on behalf of Placid, much as shareholders in a derivative action assert rights of the corporation. Circuit precedent, however,

5

holds that a target company lacks antitrust standing because the target cannot establish that it has suffered antitrust injury simply by virtue of its loss of independence, *see Anago*, 976 F.2d at 250-51, and Hunt's rights as part-beneficial owner certainly extend no further than those of the target company in which he had an interest.[3]  Similarly, Hunt did not establish standing as an alleged competitor in the oil and gas market because he failed to allege or present summary judgment evidence that Occidental would engage in predatory pricing as a result of the merger.  *See Phototron Corp. v. Eastman Kodak Co.*, 842 F.2d 95, 99 (5th Cir. 1988), *cert. denied*, 486 U.S. 1023, 108 S.Ct. 1996, 100 L.Ed.2d 228 (1988).  Finally, even assuming that Hunt adequately established that he was a potential entrant,[4] he has not demonstrated that the merger has increased entry barriers and thus has not shown that he has been competitively harmed. As Hunt has failed to establish the existence of disputed material facts relative to his alleged antitrust injury, he has not shown that he has standing to sue

---

[3]  Inasmuch as we find that Placid has suffered no antitrust injury, it is unnecessary to reach the issue addressed by the district court regarding whether derivative suits may be brought under the antitrust laws.

[4]  In addition to the requirement of antitrust injury, a plaintiff seeking recovery as a potential entrant to the market must show both an intention and preparedness to enter the business.  *See Hayes v. Solomon*, 597 F.2d 958, 973 (5th Cir. 1979), *cert. denied*, 444 U.S. 1078, 100 S. Ct. 1028, 62 L.Ed.2d 761 (1980); *Cable Holdings of Georgia v. Home Video, Inc.*, 825 F.2d 1559, 1561-62 (11th Cir. 1987).  Hunt did not bolster his allegations of harm as a potential entrant with evidence that he intended to and was prepared to enter the oil and gas market; consequently, he must be denied standing on this ground as well.

6

under the federal antitrust laws and summary judgment in favor of defendants was proper.

For the foregoing reasons, the district court's grant of summary judgment in favor of defendants is AFFIRMED. The defendants' motion for sanctions against Hunt and his attorney is DENIED.